Filed 5/2/25  P. v. DeGracia CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H051851 |
| Plaintiff and Respondent, | (San Benito County Super. Ct. No. CR2200962) |
| v. | |
| EDDIE DEGRACIA, | |
| Defendant and Appellant. | |

Defendant Eddie DeGracia pleaded no contest to assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)).[1]  He also admitted he had suffered a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).  The trial court imposed a sentence of six years in prison.

On appeal, defendant's appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) that states the case and facts but raises no issues.  This court notified DeGracia of his right to submit written argument on his own behalf within 30 days.  That period has elapsed, and this court has received no response from DeGracia.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106 (*Kelly*), we have carefully reviewed the entire record and determined that there are no arguable issues on appeal that would result in a disposition more favorable to

---

[1] Unspecified statutory references are to the Penal Code.

DeGracia.  Following the California Supreme Court's direction in *Kelly,* we provide a brief description of the facts and procedural history of the case, the offense of which DeGracia was convicted, and the punishment imposed.  (*Kelly*, *supra*, at p. 110.)  Accordingly, we will affirm the judgment.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

According to a police report and the probation officer's presentence report, DeGracia was an inmate in county jail when he approached another inmate who was being transported and struck the inmate in the face and torso area more than 20 times.  One correctional officer fell to the ground.  As a second correctional officer attempted to pull DeGracia away, DeGracia pushed the second correctional officer, causing him to also fall to the ground.

The prosecution charged DeGracia with one count of assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4); count 1) and one misdemeanor count of resisting, obstructing, or delaying a peace officer (§ 148, subd. (a)(1); count 2).  The prosecution alleged that DeGracia had suffered a prior strike offense.  (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).)

Pursuant to a plea agreement, DeGracia pleaded no contest to count 1 and admitted the prior strike.  As a factual basis for his plea, DeGracia agreed that he "did do an act that would directly and probably [r]esult in the application of force against another with the present ability to apply the force against the other with an amount of force likely to cause [g]reat [b]odily [i]njury."  The prosecution agreed to move to dismiss count 2 and the entirety of another pending case after sentencing.  The parties agreed that DeGracia would serve no more than six years in prison and that confinement credits accrued in the other pending case would be applied to any term of imprisonment imposed in the instant case.

DeGracia moved to dismiss the prior strike allegation pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.  The trial court denied the motion.

The court imposed a sentence of six years in prison (the middle term of three years for count 1, doubled for the prior strike).  The trial court credited DeGracia with 839 days of actual custody credit plus 838 days of conduct credit under section 4019, for total credits of 1,677 days.

DeGracia timely appealed.  The record does not contain a request from DeGracia for a certificate of probable cause.  (See § 1237.5.)

## II. DISCUSSION

Pursuant to *Wende*, *supra*, 25 Cal.3d 436, and *Kelly*, *supra*, 40 Cal.4th 106, we have carefully reviewed the entire record.  We conclude that there is no arguable issue on appeal that would result in a disposition more favorable to DeGracia.  (*Wende*, *supra*, at pp. 441-443.)

## III.  DISPOSITION

The judgment is affirmed.

_____
Greenwood, P. J.

WE CONCUR:

_____
Grover, J.

_____
Lie, J.

H051851 People v. DeGracia